UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ROBERT T. BUTLER,                   )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   Civil Action No. 12-0437 (EGS)
                                    )
FORT MYER CONSTRUCTION CO. *et al*, )
                                    )
            Defendants.             )
_____)

MEMORANDUM OPINION

In this action brought *pro se* against multiple defendants, defendants Teamsters Local Union No. 639 ("Local 639 or Union") and Local 639 Secretary-Treasurer John Gibson removed this action from the Superior Court of the District of Columbia pursuant to "28 U.S.C. § 1441(b)."[1]   Notice of Removal [Dkt. # 1] ¶ 9.   The complaint arises out of defendants' alleged behavior after plaintiff "suffered an occupational injury, causing severe physical damage" while working with Fort Myer Construction Company.   Am. Compl. [Dkt. # 1-2] at 2-4.

---

[1] Although defendants repeatedly cite subsection (b) of the removal statute, which authorizes removal "based on diversity of citizenship," it asserts that "the Complaint implicates the Union's duty of fair representation and[,] therefore, this action raises a federal question" under Section 9(a) of the National Labor Relations Act, codified at 29 U.S.C. § 159(a). Removal Not. ¶¶ 7, 9. The removal of actions from a state court based on this Court's federal question jurisdiction conferred by 28 U.S.C. § 1331 is authorized by § 28 U.S.C. § 1441(a). This distinction is important here because the Union's removal under § 1441(b) would be erroneous since "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest . . . is a citizen of the State in which such action is brought," 28 U.S.C. § 1441(b)(2), which, from the address listed in the complaint, would include the Union defendants.

1

Plaintiff alleges that the Union defendants "failed/refused to represent him and cause or attempt to cause relevant defendants to provide plaintiff and other local 639 members rights under the D.C. sick leave act of 2008." *Id*. at 7. Plaintiff alleges that he discussed the Act's provisions "with defendant [] Gibson as early as 2009 and several times thereafter . . . ." to no avail. *Id*.

Local 639 and Gibson move to dismiss the complaint on the grounds that (1) Gibson may not be sued in his individual capacity, (2) plaintiff's claim, reasonably construed as asserting that the Union defendants breached their duty of fair representation, is untimely,[2] (3) plaintiff failed to exhaust the Union's internal remedies, and (4) the complaint fails to state a breach of duty claim. Mot. to Dismiss of Defs. Local Union 639 and John Gibson [Dkt. # 2] ¶ 2. Plaintiff argues adamantly in his opposition and in a separate motion to remand the case that he has not brought a breach of duty claim and, thus, has effectively conceded defendants' arguments for dismissal. *See* Mem. of Points in Support of Pl.'s Opp'n to Defs. Teamsters Local Union 639 and John Gibson's Mot. to Dismiss [Dkt. # 11] at 5-6. Specifically, in response to each of defendants' four asserted grounds for dismissal, plaintiff counters in relevant part as follows:

- Ground One: "[W]hether or not defendant Gibson can be sued in his individual capacity for damages is a matter of equity under [District of Columbia law], not within the duty of fair representation." Pl.'s Mem. at 5 ¶ 1.

- Ground Two: "Defendants claim that Plaintiff's claim is untimely is

---

[2]  *See Delcostello v. Int'l Broth. of Teamsters*, 462 U.S. 151, 170 (1983) (listing "fair representation claims [to] include allegations of discrimination based on membership status or dissident views . . ., allegations of unfair, arbitrary, or discriminatory treatment of workers by unions-as are virtually all unfair labor practice charges made by workers against unions . . . . [and] alleged violations by an employer of a collective bargaining agreement . . . .") (citations omitted).

without merit, as Plaintiff's claim against defendants does not implicate a duty of fair representation and is thus not limited to the [National Labor Relations Act's] six months filing requirement . . . ."  *Id.* ¶ 2.

- Ground Three: "Plaintiff did not exhaust internal Union remedies and knew not that he was required to do so."  *Id.* at 6, ¶ 3.

- Ground Four: "The allegations set forth in the Complaint does [sic] not seek to state a viable claim for a breach of the duty of fair representation."  *Id.* ¶ 4.

Since (1) plaintiff "cannot bring a claim against an individual union officer," *Hollie v. Smith*, 813 F. Supp. 2d 214, 221 (D.D.C. 2011); (2) plaintiff has conceded that his federal claim is untimely, which the case law supports, *see Slovinec v. Communications Workers of America*, 860 F. Supp. 2d 25, 31 (D.D.C. 2012) (NLRA requires duty of fair representation claims to be filed within six months) (examining cases); and (3) plaintiff contends that he never intended to bring a breach of duty of fair representation claim and dismisses outright defendant's reasonable construction of the claim, the Court will grant defendants' motion to dismiss and will dismiss the federal claim against the Union defendants with prejudice.  The Court declines to exercise supplemental jurisdiction over plaintiff's local law claims and, therefore, will grant plaintiff's motion to remand what remains of this case to Superior Court and will deny all other pending motions without prejudice.  A separate Order accompanies this Memorandum Opinion.

DATE: March 1, 2013                SIGNED:    EMMET G. SULLIVAN
                                               UNITED STATES DISTRICT JUDGE